Bonce v. The Dubuque Street Railway Company.

1. **Negligence:** COMMON CARRIERS: HACK LINE. Common carriers of passengers are held to the exercise of the highest degree of care and skill to preserve the safety of passengers and prevent accidents and injuries, and such rule applies to the proprietors of hacks and stage coaches equally with other carriers.

2. ———: CONTRIBUTORY: BURDEN OF PROOF. The burden rests upon one seeking to recover for injuries arising from the negligence of a carrier to aver and prove his own freedom from contributory negligence.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, APRIL 7.

THE defendant, on the 30th day of May, 1877, employed and used hacks to carry passengers from the terminus of its

street railway, in the city of Dubuque, to Linwood Cemetery, in said city. It is claimed that the plaintiff, in attempting to alight from one of these hacks, fell in consequence of the breaking of the guard or handle of the steps by means of which she was assisting herself to alight, and sustained severe injuries. On account of these injuries she claimed five thousand dollars damages. There was a jury trial, resulting in a verdict and judgment for defendant. The plaintiff appeals.

*Pollock & Shields,* for appellant.

*Fouke & Lyon,* for appellee.

DAY, J.—The court in several instructions, and in varied forms, directed the jury that it was the duty of the defendant to exercise ordinary care in providing good and strong vehicles, and that for a failure to exercise ordinary care the defendant would be liable.

1. NEGLI-
GENCE: common carrier: hack line.

These instructions are erroneous. A common carrier of passengers is required to exercise more than ordinary care. The law exacts from such carrier " the utmost care and skill which prudent men are accustomed to use under similar circumstances. This rule has been constantly applied to the proprietors of stage coaches and steamboats." Shearman and Redfield on Negligence, § 226, and cases cited in notes. In *Frink & Co. v. Coe,* 4 G. Greene, 555, an instruction, " that the proprietors of stage coaches which ply between different places, and carry passengers for hire and compensation, are responsible for all accidents and injuries happening to the persons of the passengers which could have been prevented by human care and foresight," was approved, and it was said that it "is quite as moderate toward stage proprietors as the authorities would justify." In *Sales v. The Western Stage Company,* 4 Iowa, 547, the court below instructed that " carriers of passengers for hire are bound to exert the utmost skill and prudence in conveying their passengers, and are responsible for the slightest negligence or want of skill either in themselves or their

servants. They are bound to use such care and diligence as a most careful and vigilant man would observe in the exercise of the utmost prudence and foresight." This instruction was approved, the court saying: "A brief examination of the authorities will show most conclusively that the rule laid down is well sustained by the earlier as well as later cases." These cases were approved in *Russ v. Steamboat War Eagle*, 14 Iowa, 363. The appellant's counsel cite many other authorities in their brief which announce the same doctrine. The appellee's counsel cite authorities which, they claim, establish a different rule as to the proprietors of hacks and stage coaches, but, as the authorities above cited definitely settle the question in this State, we deem it unnecessary to review the authorities cited by the appellee. The court erred in the instructions as to the degree of care and diligence required of the defendant.

II. The plaintiff assigns as error the refusal of the court to give the following instruction: "The law presumes that a passenger, while being conveyed by a carrier, acts with ordinary care, and that presumption will prevail unless the evidence in the case shows to the contrary; therefore, in this case it will be presumed that Mrs. Bonce was acting with ordinary care and prudence at the time of the alleged injury, unless the contrary has been proved."

2. ——: contributory: burden of proof.

It is the established doctrine in this State that a person seeking recovery for a personal injury of a common carrier must prove not only the negligence of the defendant, but that he did not, by his want of ordinary care, contribute to the injury. *Patterson v. B. & M. R. R. Co.*, 38 Iowa, 279, and cases cited; *Murphy v. C., R. I. & P. R. Co.*, 45 Iowa, 661.

The court did not err in refusing to give this instruction. For the error before considered the judgment is

REVERSED.