H. O. HESS, Appellant, v. F. R. DICKS et al., Appellees.

SALES: Delivery—Intention. Actual physical possession of prop-
1  erty is not always necessary to constitute full delivery.

FRAUDS, STATUTE OF: Sale of Personal Property—Part Deliv-
2  ery—Effect. In a contract of sale of personal property, deliv-
   ery of a *part* of the property takes the contract out of the stat-
   ute of frauds.

FRAUDS, STATUTE OF: Sale of Personal Property—Delivery—
3  Separate Contracts. Delivery such as will take one contract out
   of the statute of frauds cannot possibly have such effect on an-
   other separate and distinct contract.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

SATURDAY, OCTOBER 20, 1917.

PLAINTIFF in his petition seeks to recover $840 due from the defendants F. R. and Eral Dicks as rent for a farm cultivated by them during the season of 1915. Defendants, in answer, deny that they were indebted to plaintiff in any sum, and allege that, in January, 1916, there was a complete settlement and adjustment of the rent; that plaintiff purchased of the defendant certain hay in the stack, corn in the field, oats in the bin, cornstalks, and a span of horses, the agreed value of which exceeded the amount of the rent due.

The exact quantity of hay, oats and corn was not, at the time, definitely ascertained, but it is alleged that plaintiff agreed to pay for the corn which was ungathered in the field at the rate of $5 per acre; for the hay, $10 per ton; for the oats, the market price; and for the team, $200. It is further alleged by the defendants that plaintiff took possession and control of the property above described, except the team; that the oral contract for the sale of the team was on January 24th, and the rest of the property, the 17th of January preceding. Defendants asked judgment against plaintiff in the sum of $23. The jury returned a verdict in favor of the defendant for $1. Judgment on the verdict for $1 and costs. Plaintiff appeals.—*Reversed.*

*Hess & Hess, C. H. Rinker,* and *J. A. Prichard,* for appellant.

*Griffin & Page* and *H. B. Walling,* for appellees.

1. SALES: delivery: intention.

STEVENS, J.—The evidence is somewhat confusing as to exactly what was said in the conversation of January 17th with reference to the sale of the team of horses, but defendants, in their answer, aver that the oral contract for the sale of the hay, corn, oats and stalks was had on the 17th of January, and that for the sale of the team on the 24th. In submitting the case to the jury, the court treated the transactions as separate.

It is contended by counsel for plaintiff that none of the property in question was delivered to plaintiff, and that the contract is void under the statute of frauds. There was evidence offered on the trial from which the jury may have found that a portion of the hay was baled under the immediate direction and according to the wishes of plaintiff; that the other property, except the team, which was the subject of the negotiations on January 17th, was clearly pointed out and designated. The oats were in a certain

granary; the corn, in certain fields upon the leased premises. It was not, at the time, possible to make immediate physical delivery of the corn, which was sold by the acre, to be gathered by plaintiff. It is not always necessary, in order to constitute a valid sale of personal property, that actual possession be taken thereof, but same is often controlled by the intention of the parties, which, in case of a dispute in the evidence, becomes a question of fact for the jury. All of the property was ready for delivery, and, as above stated, it is claimed by defendant that plaintiff actually took charge of the baling of the hay, and gave directions with reference to the delivery thereof to purchasers who might subsequently come for the same. Delivery of a portion of the property under the law was sufficient to take the case out of the statute of frauds. *Sempel v. Northern H. Lbr. Co.,* 142 Iowa 586; *Farmers Sav. Bank v. Newton,* 154 Iowa 49; *Smith & Son v. Bloom,* 159 Iowa 592.

2. FRAUDS, STATUTE OF: sale of personal property: part delivery: effect.

There was a sharp dispute between the parties concerning the alleged contracts. Defendants contend that they were completed in every detail, whereas plaintiff testified that, notwithstanding the fact that negotiations were had regarding the purchase of the property in question, no conclusion or agreement was ever reached. This question, the court properly submitted to the jury. There is no claim that the team of horses was delivered to the plaintiff, and it is admitted that delivery thereof could not be made on the 17th, because there was a chattel mortgage on the team, which defendants claim was to be released before delivery. It is also claimed that arrangements were made for the release thereof, but it was admitted on the trial that same had not been released.

Shortly after the dates on which it is claimed the above transactions were had, plaintiff commenced suit against the

defendants for the recovery of the rent claimed to be due, and took possession of all of the above designated personal property under a landlord's writ of attachment. It will be observed that two separate contracts were pleaded by the defendants, one of January 17th, and the other of January 24th. The cause was tried below and submitted to the jury upon the theory of separate contracts. While, as above indicated, there was doubtless sufficient evidence to justify the submission to the jury of the question whether there was delivery of any or all of the personal property referred to in the transaction of January 17th, there was no evidence offered tending to show delivery of the team, and as to this item, plaintiff's motion for a directed verdict should have been sustained. Delivery of part or all of the property forming the subject of the contract of January 17th would not tend to validate the alleged sale of the team under a separate oral contract entered into several days later.

Because of the error here pointed out, this cause must be reversed. Other alleged errors relied upon by appellant need not be discussed in detail, as they are not likely to arise upon a retrial of this cause.—*Reversed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.