## ERIE R. CO. v. MURPHY.

(Circuit Court of Appeals, Second Circuit. November 16, 1925.)

No. 65.

**1. Master and servant ⬸265(5)—Explosion of gasoline tank on motorcar held to justify inference of negligence.**

Circumstances of explosion of gasoline tank on motor car on which employé was riding *held* to justify inference of defendant's negligence by jury.

**2. Evidence ⬸14—Common knowledge that gasoline engines do not explode or burst into flames.**

It is common knowledge that gasoline engines, made with ordinary care and managed with ordinary skill, do not either explode or burst into flames.

**3. Evidence ⬸53—"Presumption" and "inference" distinguished.**

An "inference" is not legally the same as a "presumption," since a presumption may measurably take place of proof, while an inference does not relieve from burden of proof, but does put burden of evidence on defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inference; Presumption.]

**4. Appeal and error ⬸1026—Error not harmless, unless rights of complaining party not prejudiced.**

Error is not harmless, unless it cannot prejudice rights of complaining party.

**5. Trial ⬸296(7)—Error in instructing that facts created a presumption held harmless, where jury told that burden of proof not shifted.**

In railroad servant's action for injuries instruction that sudden ignition of gasoline in motor car tank was prima facie evidence, and warranted inference or presumption of negligence, *held* error, but harmless, where jury was also told that burden of proof was not shifted to defendant.

In Error to the District Court of the United States for the Western District of New York.

Action by Francis E. Murphy against the Erie Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Murphy was an employé of the Erie Railroad, and sued under the act for personal injuries received while engaged in interstate commerce.

On the day of receipt of injuries Murphy in the discharge of his duties as one engaged in the upkeep and repair of signals, had occasion to travel on the defendant's tracks and in a small car, like a handcar, but propelled by a gasoline explosion engine. The car was driven by a fellow employé.

The vehicle was of a known and standard type, and no evidence was offered to show that it was not a suitable carrier of workmen like plaintiff, in pursuit of their business first on one part and then on another of defendant's right of way. The car was not new, but had never, so far as shown, given any trouble. The tank or container for gasoline that had been provided with the engine when purchased had become leaky, and a new tank had been made by other employés of defendant, had been used without any suspicion of defect for some time, and was in use when Murphy and several fellow workmen embarked upon the car.

Very shortly after starting an explosion occurred, according to Murphy, which hurled him from the car. Certainly the gasoline tank generated fire which burned Murphy externally and fired some portion of his garments. His injuries were serious, and not altogether cured at time of trial, about 14 months later.

The car was stopped almost at once, and a hole found in the bottom of the tank, and a dent in the top. The edges of the hole showed force applied to the outside of tank to make the hole, and from inside to make the dent. The tank bottom rode 15 inches above the track ties, and there was no evidence of anything having hit or penetrated it. Except for testimony regarding Murphy's earning capacity and injuries, this was all the evidence.

The court below first instructed the jury that "the sudden ignition of the gasoline in the tank, causing the injury, was prima facie evidence of negligence on the part of defendant." Further that "such is the inference or *presumption* that may be drawn by you from the character of the accident and the particular instrumentality used. This inference or *presumption* may be overcome by the showing of the defendant, but it is the duty of defendant to show a satisfactory explanation by a fair preponderance of evidence, and the burden is upon it to do so."

Thereupon defendant excepted, and plaintiff agreed that the charge might be changed "in that respect." The court then said: "In view of the statement just made by counsel for plaintiff, I will withdraw so much of my instructions as relates to this particular subject. In other words, to make it clear, I stated to you that the burden of proof rested upon the defendant to make an explanation of the occurrence. The defendant *is* required to make an explanation, but I withdraw from you the statement by me that the burden of proof rested on the defendant." And to this also defendant duly excepted.

The court then further charged at defendant's request as follows: "Before the jury can bring in a verdict for the plaintiff, the plaintiff must establish by a fair preponderance of evidence, that the defendant was negligent, namely, did something which an ordinarily prudent person would not have done, or left undone something which an ordinarily prudent person would have done. And if the injuries resulted from a pure accident, in which no one was to blame, there can be no recovery."

Plaintiff having had a verdict for $9,500, defendant brought this writ.

Stanchfield, Collin, Lovell & Sayles and Halsey Sayles, all of Elmira, N. Y., for plaintiff in error.

Mortimer L. Sullivan, of Elmira, N. Y., for defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The uncontradicted facts adduced by both sides of this controversy presented a situation from which a jury could infer negligence. The case is one of a recognized class "where the circumstances of the occurrence (causing injury) are of a character to give ground for a reasonable inference that, if due care had been employed," what is popularly called an accident would not have happened. Central, etc., Co. v. Peluso (C. C. A.) 286 F. 661; Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905.

It is regrettable that this situation has been so often spoken of as governed by the rule of res ipsa loquitur, for that can hardly be called a *rule* which depends for existence on a court's view of possible facts; nor is the matter made clearer by concealing the difficulty of definition in a tag of Latin.

Nothing, not even a man, speaks until experience and observation have given it or him power to speak and say something; and the phrase really means that what metaphorically *speaks* is experience, and experience that leads observing judges to hold that reasonable laymen may infer negligence from facts which experience teaches do not follow due exercise of care and skill. The standard illustration of the so-called *rule* is a boiler explosion, and since experience teaches observers that steam boilers, well made and properly cared for, do not explode without warning, the inference is justified that an exploding boiler failed either in construction, upkeep or management. Rose v. Stephens, etc., Co. (C.

C.) 11 F. 438; The Rambler (C. C. A.) 290 F. 791.

But observation must rely on experience confidently to hold this, no court would have announced such doctrine if the engine that 100 years ago pulled the first train on the Stockton & Darlington road had exploded; nor was there place for it, had one of the first gasoline explosion engines that took to the open road in competition with each other in 1894 similarly behaved.

[2] But now there are 30 years of experience with gasoline engines of many kinds and under all conditions of use and misuse, and it has become common knowledge that such apparatus, made with ordinary care and managed with ordinary skill, does not either explode or burst into flame. Hence we can draw the same inference from the facts here shown as have long been drawn from an exploding steam boiler.

[3] An inference is not legally the same thing as a presumption, though both may connote a reasoning process, for a presumption may measurably take the place of proof, while the inference we have stated "does not relieve from the burden of proof but does put the burden of evidence—i. e., of explanation—on" (in this case) the defendant below. Kraljer v. Snare, 221 F. 255, 137 C. C. A. 108.

This distinction the trial court did not observe in the original colloquial charge, nor can we think that the explanation of the objection conformed to (especially) the decision last cited, nor to the other before-mentioned ruling cases, for it failed to point out directly that there was no *presumption* presently existing, but only the right to *infer* something insisted on by the Supreme Court of the United States, although the words have been used without proper distinction in many cases, as may be seen in 20 R. C. L. p. 184 et seq.

This was error; the question remains whether it was harmless. What is harmless error must, we think, always remain something dependent on circumstances never to be foreseen, and often not easily understood, when removed from the setting of the particular trial under investigation.

[4] To render error harmless it must be held that it *could* not prejudice the rights of the party complaining (Vicksburg, etc., Co. v. O'Brien, 119 U. S. 99, 7 S. Ct. 172, 30 L. Ed. 299, followed in this court Austro-American Co. v. Thomas, 248 F. 231, 160 C. C. A. 309, L. R. A. 1918D, 873), and it has been held that, when the error is in giving instructions

to the jury, the defendant in error must bear "the heavy burden of showing that, under the undisputed facts as applied to proper instructions, the verdict could not have been other than was returned." Farmers', etc., Bank v. Newton, 154 Iowa, 49, 134 N. W. 436. We think this fairly states the substance of the best of many decisions, and that "could not" must be read to mean could not be different if the jury were intelligent men.

[5] This jury was erroneously told, in substance, that the facts created a presumption, but was also most pointedly informed at last that the burden of proof was not shifted to defendant. Since the vice of calling the matter a presumption lies in the inference as to burden of proof, we are of opinion that defendant in error has borne the heavy burden of showing that, had this jury been instructed in the very words of the ruling cases first above cited, they could not, if reasonable, have strayed from the very proper and reasonable result they did reach.

Judgment affirmed, with costs.