### LOWERY v. HOCKING VALLEY RY. CO.
No. 5893.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

J. E. Mathews, of Cleveland, Ohio (Bernsteen & Bernsteen and M. L. Bernsteen, all of Cleveland, Ohio, on the brief), for appellant.

James P. Wood, of Cleveland, Ohio (Wilson & Rector, of Columbus, Ohio, and Tolles, Hogsett & Ginn, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Plaintiff in the court below appeals from a judgment entered upon a verdict for defendant in an action under the Federal Employers' Liability Act (45 USCA §§ 51–59). The plaintiff was the conductor upon one of the defendant's freight trains, riding in the caboose, when there occurred a derailment of several cars some three car lengths back of the locomotive. With the derailment of these cars, the air brakes were set in emergency throughout the train, and this, in turn, derailed and threw off center many of the other cars, including the caboose, causing physical injury to plaintiff. After the accident, it was found that a piece of heavy oak plank had been ripped from its place in a crossing about one mile north of the derailment, and this plank was found at the scene of the accident bearing marks and scoring which led to the conclusion of those in charge of the inves-

tigation that in some unexplained manner this plank had been torn from its place, picked up by the train, and carried for the distance of about a mile, and there directly caused the derailment. An angle iron was found to be bent or broken upon the first car derailed, and this was the only part of the equipment which, so far as disclosed, "could have picked up a piece of plank in this way and carried it along for a distance."

At the trial the plaintiff, by requests to charge and exceptions to the charge as given, sufficiently preserved for our consideration here, we think, the questions whether the doctrine of res ipsa loquitur applied, of his right to a charge covering this doctrine, and of the sufficiency or correctness of the charges given. These are the only serious questions for our consideration. While the court did charge the jury that, where a derailment occurs, an inference of negligence arises "in the absence of any evidence, any explanation of the derailment," yet this charge was accompanied by reiterated statements that the burden was upon the plaintiff to prove that the accident was due to defendant company's negligence in keeping its roadbed and equipment in a safe condition, and that, if the jury believed that the derailment was probably caused by the piece of plank, possibly understood as an "explanation," then the jury were "to consider whether the evidence disclosed a lack of due care upon the part of the railroad company in respect to the farm crossing, or in its roadbed or equipment." Nowhere was the jury charged as to the true effect of the doctrine of res ipsa loquitur, or that, even in the event last mentioned, the jury would be justified in inferring negligence merely from the fact that the plank had been picked up by the train.

■ This court has frequently held that the doctrine of res ipsa loquitur is applicable to a case between master and servant and has defined the scope and effect of this doctrine. See Cincinnati, N. O. & T. P. Ry. Co. v. South Fork Coal Co. (C. C. A.) 139 F. 528, 1 L. R. A. (N. S.) 533; Byers v. Carnegie Steel Co. (C. C. A.) 159 F. 347, 16 L. R. A. (N. S.) 214; Baltimore & O. R. Co. v. Kast (C. C. A.) 299 F. 419; Cochran v. Pittsburgh & L. E. R. Co. (D. C.) 31 F.(2d) 769, approved in Chesapeake & O. R. Co. v. Smith (C. C. A.) 42 F.(2d) 111. Compare, also, Central R. Co. of N. J. v. Peluso, 286 F. 661 (C. C. A. 2); Erie R. Co. v. Murphy, 9 F.(2d) 525 (C. C. A. 2). It is clear that negligence alone can be made the predicate of recovery in an action under the Federal Employers' Liability Act (45 USCA §§ 51–59). It is equally clear that the burden of showing such negligence rests upon the plaintiff throughout the entire trial. It has also frequently been said that the effect of the doctrine of res ipsa loquitur is merely to shift to defendant the burden of going forward with evidence, at the risk of suffering an adverse verdict based upon an evidential inference or procedural presumption of negligence. But in the present case we think that the plaintiff was entitled to the charge that, in determining the existence or nonexistence of negligence, it would be permissible, although not obligatory, under the facts of the case at bar, to draw an inference of such negligence from the mere happening of the accident. While this inference or procedural presumption is rebuttable, the only evidence which will tend to rebut it is evidence of the degree of care actually used in the construction, inspection, and maintenance of roadbed and equipment. The "explanation" referred to in decisions applying the doctrine of res ipsa loquitur is not an explanation merely of how the accident actually happened, unless such explanation also operates, or tends, to show the exercise of due care.

Heavy planking is not ordinarily torn from its location at a crossing and carried by a passing train for a distance of approximately a mile, there to cause a derailment, unless there has been negligence either in placing the crossing plank at too high a level, or in permitting the train equipment to become out of repair and some part of it to fall or reach down below the level of the normal crossing, or both. We agree that it is not obligatory upon the jury to draw this inference of negligence, even in absence of explanation, but we think that it is equally clear that, where the facts of a case warrant an application of the doctrine of res ipsa loquitur, the jury should be advised that such inference is permissible. Otherwise expressed, we think that it is misleading, in such a case, to charge that the plaintiff must prove a particular negligence causing his injury, unaided by the evidential inference above referred to.

Our attention has been called to the recent decision of the Supreme Court in Atlantic Coast Line R. Co. v. Temple, 285 U. S. 143, 52 S. Ct. 334, 76 L. Ed. 670 (decided March 14, 1932). This was also an action under the Federal Employers' Liability Act (45 USCA §§ 51–59) to recover for the death of an employee of the defendant company resulting from a derailment, but the train of the defendant was being operated at the time over

the tracks of another railway company as to which the defendant had no powers of supervision or control. The holding of the court was that there had been a complete "lack of evidence tending to show that the defendant was in any way responsible for the condition which caused the derailment." The doctrine of res ipsa loquitur was not referred to by the court, nor was such doctrine involved in any of the cases cited as authority for giving a peremptory instruction. We do not regard this case as controlling in a situation where, as here, all instrumentalities used by the defendant were under its sole control, and where, as here, there is no suggestion of malicious, unauthorized, or even criminal acts not chargeable to defendant.

The judgment of the District Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.