## RAYBURN v. PENNSYLVANIA R. CO.
### No. 6658.

Circuit Court of Appeals, Sixth Circuit.
April 11, 1935.

Meck & Meck, of Toledo, Ohio, and Wm. E. McKinley, of Columbus, Ohio, for appellant.

Sherman B. Randall, of Columbus, Ohio (Raymond H. Treffinger and Henderson, Burr, Randall & Porter, all of Columbus, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The appellant was superintendent for the Fritz Rumer Cooke Company, which was engaged in construction work for the appellee in its yards at Columbus, Ohio. While on his way to the office of the appellee's superintendent to see about the

work, he was struck and caused to fall in such position that one of appellee's trains ran over his right hand, necessitating its amputation. He testified that he did not know what struck him, but that as the train was passing he saw a flash of something that came off one of the cars and struck him on the head, knocking him unconscious. A witness who saw the accident testified that he was hit by tools which came from the top of a box car. A shovel marked with the initials of the appellee and a chisel were found near the place of the accident after it occurred. The appellant testified that they were not there before the accident. At the conclusion of the appellant's evidence, the trial court directed a verdict for the appellee on the ground that the evidence failed to show negligence on the part of the appellee proximately causing the injury.

The evidence was sufficient to justify a finding by the jury that appellant was struck by a shovel coming from the top of a box car and caused to fall with his hand beneath the train. There was no evidence, though, to show how the shovel came to be on the car, or whether the appellee knew or should have known it was there. The question is whether, in this state of the evidence, it was permissible for the jury to infer negligence proximately causing the injury.

There was, of course, nothing to submit to the jury, unless there was substantial evidence of negligence. It has been frequently held that an inference of negligence in cases of this kind may arise from the circumstances in which the injury occurred. A leading case on the subject is Scott v. London, etc., Docks Co., 3 H. & C. 596, 140 Rev. Rep. 627, where it was said: "There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."

In that case the plaintiff was injured by bags of sugar falling upon him while he was passing in front of the defendant's warehouse. Nothing else appearing in the proofs, the court held that there was ground for an inference of negligence. The rule as announced in San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 98, 99, 32 S. Ct. 399, 401, 56 L. Ed. 680, is: "When a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care."

See, also, Kearney v. London, etc., Railway Co., L. R. 6 Q. B. 759; Cincinnati, etc., Ry. Co. v. South Fork Coal Co., 139 F. 528, 1 L. R. A. (N. S.) 533 (6 C. C. A.); Byers v. Carnegie Steel Co., 159 F. 347, 16 L. R. A. (N. S.) 214 (6 C. C. A.); Pennsylvania Co. v. Clark, 266 F. 182 (6 C. C. A.); Lowery v. Hocking Valley Ry. Co., 60 F.(2d) 78 (6 C. C. A.).

In our opinion, the doctrine of the foregoing cases is controlling in the present circumstances. The appellant had a right to be at the place where he was injured. The evidence that he was struck by a shovel coming from the top of a car and caused to fall with his hand beneath the train was substantial. The agency causing the injury was in the exclusive control of the appellee, and the circumstances in which it occurred were such as to give ground for a reasonable inference that it would not have happened had the one in charge of the agency exercised due care. Sweeney v. Erving, 228 U. S. 233, 238, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905. We think it was for the jury to determine whether the appellee was negligent. We are not impressed with the contention that the striking of the appellant by the shovel was not the proximate cause of his injury. Even if he was standing on a slope, as appellee contends, there is no law governing the physical or muscular reactions of a person to blows upon the head, so far as we know, which would preclude an inference that the blow appellant received caused him to fall up the slope with one hand under the train. Besides, there was evidence to the effect that he was standing at the time on "a flat place, practically level."

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.