Phillip E. CARRADUS and Nancy R. Carradus, Appellees,

v.

Curtis Kent LANGE and Jack Donald Lange, Appellants.

No. 55143.

Supreme Court of Iowa.

Jan. 17, 1973.

David F. McGuire, Cedar Rapids, for appellants.

Francis J. Pruss, Cedar Rapids, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

RAWLINGS, Justice.

From judgment on jury verdict for plaintiffs in personal injury actions arising from motor vehicle collision the defendants appeal challenging damage award to one plaintiff alone. We reverse and remand for a limited new trial.

The instant accident occurred about 5:15 p. m., July 16, 1967, on primary Highway #20 at a point about 350 feet west of the westerly limits of Independence in Buchanan County.

Plaintiffs, Phillip E. Carradus and Nancy R. Carradus, were rear seat passengers in a Plymouth owned and driven by Gerald M. Connelly. Because of a turning vehicle ahead the Plymouth slowed and was struck from the rear by a Chevrolet owned by defendant Jack Donald Lange, operated by defendant Curtis Kent Lange. Plaintiffs were resultantly injured.

Plaintiffs brought individual actions for damages against defendants which culminated in a judgment for each plaintiff. Motion by defendants for a new trial was overruled.

On appeal only the damage award to Nancy R. Carradus is contested. She will therefore be here referred to as plaintiff and our review accordingly limited.

Errors asserted in support of a reversal are, trial court erred in (1) permitting plaintiff to testimonially state her pretrial total cumulative loss of earnings, (2) submitting jury instructions regarding plaintiff's "permanent injury", disability, impairment of earning capacity and diminution of services as a wife and mother, (3) giving instructions to the jury as to future pain and suffering without any time limitation, (4) the submission of instructions regarding impairment of earning capacity and diminution of wife-mother services absent adequate proof, (5) overemphasizing the damage element by instructions given, and (6) overruling defendants' new trial motion.

These issues will not be considered in the order assigned.

■ I. First to be reviewed is the matter of damage evidence as it relates to plaintiff's accident related lost earnings.

In course of trial plaintiff's income tax returns for 1963 through 1969 were prefatorily admitted in evidence, and later taken to the jury room. Plaintiff also related her injury associated loss of time in remunerative employment and the manner by which her services as a wife and mother had been diminished. She also described in some detail the pain experienced by her prior to and at time of trial.

Finally, on direct examination, she was asked this question: "Well, are you able to state exactly how much earnings loss you have had as a result of your injuries in this collision that occurred on July 16, 1967, Mrs. Carradus?"

Defendants then interposed the objection:

"* * * there is no proper foundation. This calls for an opinion and conclusion. It invades the province of the Court and jury, and calls upon the witness to speculate and conjecture and to pass judgment on her own damages. Incompetent, irrelevant, and immaterial.

"THE COURT: Overruled, You may answer. Do you recall the question?

"A. Up until this summer I would say around twenty-five hundred dollars."

Noticeably, the questions quoted above called for nothing more than a yes or no answer. So the objection voiced was both

inappropriate and premature. Furthermore, no motion was made to strike the response given as a voluntary statement. Thus the answer remained for consideration. Stated otherwise, error, if any, was waived. See Harrison v. Ulicki, 193 N.W. 2d 533, 537 (Iowa 1972); Patton v. Town of Sanborn, 133 Iowa 650, 654, 110 N.W. 1032 (1907). See also 1 Wigmore on Evidence, § 18 at 344 (3d ed.); 3 Jones on Evidence, § 895 (4th ed.).

II. The general problem next to be resolved is whether trial court's jury instructions as to damages were prejudicially erroneous.

Initially defendants urge the evidence was not sufficiently definite to justify an instruction on impairment of earning capacity.

At the outset we find no merit in the position thus taken by defendants.

Dr. Robb, attending specialist in orthopedic surgery, testifying for plaintiff, stated she incurred an injury related sprain of the lumbar and cervical spine, described the activity restricting pain experienced by her together with his examination and treatments administered.

The doctor also testified:

"Based on reasonable medical certainty, as regards pain in the future, my opinion is that Mrs. Carradus will continue to have temporary symptoms of pain in both the neck and low back for a period of several months. I think ultimately both areas will heal and she will not have the continuation of these symptoms."

"The pain which I made reference to which she will experience for some months in the future I think in my opinion it will eventually completely disappear."

"When I examined her in December of 1970 she had very little restriction of movement of the head from one side to the other. Flexion forward and backward and extension was restricted very, very slightly. She had some soreness in the back of her neck."

"I think Mrs. Carradus did have some organic damage to the bone or joint, but I don't feel that there is now. I think that's recovered."

"Based on reasonable medical certainty the cause of the injury and cause of the condition which I found in Mrs. Carradus in my earlier examination and in the examination December, 1970, was the accident that she had incurred in July, 1967; this was the cause of the symptoms for which I had examined her in July of 1967 and subsequently re-examined her in December, 1970."

Plaintiff's testimony discloses she secured employment in 1970 at Anamosa with Head Start. This six hour a day job required that she check on small children, take them to the doctor or dentist and deal with their parents. It paid $224 a month, plus ten cents a mile. Plaintiff further testified in part:

"I did not continue in that work because most of the work was driving a car and sitting at a desk. This was a problem because I would get severe headaches from driving and terrible backaches from sitting in the car for hours at a time."

"I enjoy working. I hated to give this job up. It was at the hours when my one boy would be in school this winter. He wouldn't even know I was gone. My other boy could go to my mother's. I enjoyed working with people. I enjoyed the three months immensely. I had planned on taking a course at Kirkwood College to prepare for this job so I could get the experience and then later go into a better job, a permanent position. It just didn't work out. I had job offers to me and I have had a job offered to me since I quit then, full time."

Dispositive of the loss of earning capacity issue is this statement in Anthes v.

Anthes, 258 Iowa 260, 269–270, 139 N.W.2d 201, 208 (1965):

"There is no fixed rule for the determination of damages for impairment of future earning ability. It cannot be fixed within any prescribed field of certainty and must, of necessity, be left to the sound discretion of the jury. 22 Am.Jur. 2d, Damages, section 93, page 136.

"The right to damages for impairment of earning capacity may otherwise be classified as impairment of ability to work and earn. It is determinable by the difference between the value of an individual's services, if working, as he would have been but for the injury, and the value of the services of an injured person, if working, in the future. 22 Am. Jur.2d, Damages, section 92, page 134. It is based upon capacity to earn, not on earnings alone.

"A person may not have worked or may have had no income prior to trial, but still suffer impairment of future earning capacity. Shover v. Iowa Lutheran Hospital, supra [252 Iowa 706, 107 N.W.2d 85 (1961)], and 22 Am.Jur.2d, Damages, section 100, page 147.

"Impairment of physical capacity creates an inference of lessened earning ability in the future. Medical testimony is, of course, admissible in support of this element of damage but not always essential. The basic element to be determined in the matter of claimed impairment of future earning capacity is the reduction in value of the power to earn, not the difference in earnings received before and after the injury. 22 Am.Jur. 2d, Damages, section 94, page 136.

"In considering impairment of earning capacity we are dealing with after injury decreased earning potentiality. This must be determined not alone by earnings before and after, nor by expenditures before and after injury. These are simply elements of proof to aid the jury, if at all, in determining impairment of ability

to earn. Actually there may be an allowance of damages for impairment of earning capacity even in the absence of evidence of earnings lost or expenditures made for substitute labor."

See also Andrews v. Struble, 178 N.W.2d 391, 403 (Iowa 1970); 22 Am.Jur.2d, Damages, §§ 313, 315–316; 25 C.J.S. Damages § 40; Annot., 18 A.L.R.3d 88.

With regard to diminution of plaintiff's services as a wife and mother, this court said in Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 656–657 (Iowa 1969):

"In Henneman v. McCalla, supra [260 Iowa 60, 78, 148 N.W.2d 447, 458 (1967)], we approved this from Bridenstine v. Iowa City Elec. R. Co., 181 Iowa 1124, 1134, 165 N.W. 435, 439:

" 'The services of a competent wife or mother cannot be weighed in the scales of the money changer. And indeed it would seem almost frivolous to call witnesses to estimate their monetary value. The best that can be done is to prove the facts and circumstances of the woman's life and service in these capacities, her age, health and strength, her expectancy of life, and all that may appear to enlighten the minds and aid the judgment of the jurors, and leave them to assess such recovery within the statutory limit as they find and believe to be just.' "

We are satisfied a jury issue was adequately generated regarding plaintiff's right to damages for impairment of earning capacity and diminution of services as a wife and mother.

III. It is also apparent the record tends to reveal plaintiff, at time of trial, experienced pain with some related restrictions on her ability to engage in normal employment and to perform regular household duties. Therefore a jury instruction as to past and future pain and suffering and related disability was appropriate. See Mabrier v. A. M. Servicing Corporation of Raytown, 161 N.W.2d 180, 183 (Iowa 1968); Rogers v. Jefferson, 226 Iowa 1047,

1051–1052, 285 N.W. 701 (1939). See also Annot., 18 A.L.R.3d 10.

IV. But defendants argue the instruction given relative to the foregoing was reversibly erroneous because trial court failed to specify a time limitation for any attendant damage award. We do not agree.

Defendants would apparently have us arbitrarily convert a fact issue into a question of law. Where, as here, a fact issue is created it must be left to the judgment of the jury on appropriate "reasonable probability" instructions, subject only to judicial correction for abuse, passion or prejudice. See Iowa R.Civ.P. 344(f)(17); Anthes v. Anthes, supra. See generally 22 Am.Jur.2d, Damages, § 105; 25 C.J.S. Damages § 62.

Touching on the subject at hand is this statement in Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d at 655:

> " 'Courts have recognized a distinction between proof of the fact that damages have been sustained and proof of the amount of those damages. If it is speculative and uncertain whether damages have been sustained, recovery is denied. If the uncertainty lies only in the amount of damages, recovery may be had if there is proof of a reasonable basis for which the amount can be inferred or approximated. * * * [Citing authorities].' Orkin Exterminating Co. (Arwell Div.) v. Burnett, Iowa, 160 N.W.2d 427, 430."

See also 25 C.J.S. Damages § 28.

Furthermore, past and future pain and suffering defy any precise measurement. See Stutsman v. Des Moines C. R. Co., 180 Iowa 524, 537–538, 163 N.W. 580 (1917); 25 C.J.S. Damages § 81.

The instruction given is substantially in accord with Iowa Uniform Jury Instruction 3.9 and contains the approved qualifying "if any you find" phraseology. See Miller v. McCoy Truck Lines, Inc., 243 Iowa 483, 490–491, 52 N.W.2d 62 (1952).

We now hold fact questions as to plaintiff's pain and suffering, impairment of earning capacity, together with diminution of her services as a wife and mother, were here adequately generated, and the subject instructions were not susceptible to objection regarding time limitations.

V. There are, however, two elements which remain to be considered.

First, did the instructions given with which defendants took issue serve to overemphasize those factors discussed above? An examination of the instructions to which reference is made reveals only some unavoidable repetition essential to guidance of the jury, and appropriate limitations upon damages, if any, to be awarded. In brief, there is no more frequent reference to the matters noted above than was reasonably required. See Mickelson v. Forney, 259 Iowa 91, 100, 143 N.W.2d 390 (1966).

VI. Next to be considered, however, is instruction 17, which states, to the extent here material:

> "In the previous instruction there was submitted for your consideration, in the event you should decide to award damages, the matter of future pain and suffering and *permanent disability*. In this connection you are instructed that your award of such damages, if any you find, should be limited to the present worth of the fair and reasonable amount of such loss." (Emphasis supplied).

To the foregoing defendants objected:

> "* * * for the inclusion therein of the words *'permanent disability'*, for the reason that it over-emphasizes; and for the further reason that there is no medical evidence here to support any claim of *permanent disability*. The doctor's evidence being clear and specific that there is no permanent injury and no future disability. And it is specifically requested that the terminology *'permanent disability'* be stricken." (Emphasis supplied).

Without question the charge thus leveled at instruction 17 was specific and sufficed to alert trial court to the error asserted.

Moreover, the record discloses that during trial of this case plaintiff's request to "read into the record the life expectancy of Mrs. Carradus" was denied by the court with this comment: "I do not intend to instruct on life expectancy, nor on any permanent damages". Upon the record before us this observation appears to be correct. See Shuck v. Keefe, 205 Iowa 365, 370–371, 218 N.W. 31 (1928). Compare Morris v. LaBahn, 194 Iowa 377, 384–388, 189 N.W. 797 (1922).

We are thus left to speculate as to whether the jury did or did not consider "permanent disability" in arriving at the general verdict returned for plaintiff. See State v. Faught, 254 Iowa 1124, 1133, 120 N.W.2d 426 (1963) and citations; Merch. T. & S. Co. v. Ry. Co., 170 Iowa 378, 396–397, 150 N.W. 720 (1915); 1 Reid's Branson Instructions to Juries, §§ 104, 138 (1960 Replacement, 3d ed.).

As heretofore indicated, the evidence did not suffice to support an award of damages for permanent injury and plaintiff does not here contend otherwise. This means trial court, by instruction 17, erroneously submitted an issue previously found to have no evidential support. See Campbell v. Martin, 257 Iowa 1247, 1251, 136 N.W. 2d 508 (1965) and citations.

Additionally, the controverted instruction was such as to likely confuse and mislead the jury. See Bauman v. City of Waverly, 164 N.W.2d 840, 846 (Iowa 1969).

In light of the foregoing it cannot be said that under proper instructions the jury might have found plaintiff entitled to damages in an amount at variance with the award instantly made. See Farmers Sav. Bank v. Newton, 154 Iowa 49, 55, 134 N.W. 436 (1912).

Submission of the aforesaid erroneous jury instruction leaves us no alternative but to reverse and remand this case for a new trial upon plaintiff's cause of action alone. In other words, as heretofore initially observed, no appeal was taken from the judgment on verdict for plaintiff Phillip E. Carradus and it must therefore stand as a verity.

VII. But the foregoing is not dispositive regarding issues to be determined on remand.

In taking this appeal defendants, as noted above, contest only the damage award to plaintiff Nancy R. Carradus. And it is not here even inferred that the verdict for plaintiff stemmed from any compromise on the separate issue of liability as in Allbee v. Berry, 254 Iowa 712, 718–719, 119 N.W. 2d 230 (1963). Moreover, defendants' liability to both plaintiffs has been effectually determined. Thus a resubmission of that separate issue would be an injustice to plaintiffs and a probable source of needless cost to defendants. See Barry v. State Surety Co., 261 Iowa 222, 230, 154 N.W.2d 97 (1967); Dailey v. Holiday Distributing Corp., 260 Iowa 859, 877, 151 N.W.2d 477 (1967). See also Annot., 85 A.L.R.2d 9 at 19, et seq.

Our disposition of the instant appeal obviates any consideration of other errors here assigned.

This case is reversed and remanded for a new trial limited to the matter of damages to be awarded plaintiff Nancy R. Carradus alone.

Costs on appeal are taxed three-fourths to defendants, one-fourth to plaintiff Nancy R. Carradus.

Reversed and remanded for a limited new trial.