STATE of Iowa, Appellee,

v. ·

David LeRoy SCHURMAN, Appellant.

No. 54967.

Supreme Court of Iowa.

March 28, 1973.

Donald E. Doyle, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., Edward N. Wehr, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

MASON, Justice.

David LeRoy Schurman was charged in one count of a county attorney's information as amended with the crime of sodomy contrary to section 705.1, The Code. In the second count defendant was charged with the crime of assault to commit a felony, to wit: sodomy, in violation of section 694.5. The offense is alleged to have been committed per anus on the body of Roy Caskey, defendant's six-year-old stepson. Defendant appeals from judgment imposing sentence on his conviction by a jury of sodomy.

· In motion made at the close of the State's evidence and renewed at the close of all evidence defendant asserted in effect the evidence was insufficient to generate a jury question as to defendant's guilt of either of the offenses charged in the information; there was no direct evidence of defendant's commission of either offense; and hearsay evidence bearing on defendant's commission of either offense was inconclusive and inconsistent. The motions were overruled.

In motion for new trial defendant again complained the verdict was based upon hearsay testimony; that the State's circumstantial evidence bearing on the alleged crime was rebutted by defendant's uncontroverted explanation of the apparent inju-

ry to the child and the surrounding circumstances; and the credibility of the State's witnesses had been placed in doubt. Defendant's motion for new trial was denied and he was committed to the state penitentiary for not to exceed ten years.

Defendant relies upon two assignments of error for reversal contending the court erred: (1) in refusing to direct a verdict for defendant and (2) in overruling defendant's motion for new trial.

I. Section 705.1, The Code, defines sodomy in this manner:

"Definition. Whoever shall have carnal copulation in any opening of the body except sexual parts, with another human being, or shall have carnal copulation with a beast, shall be deemed guilty of sodomy."

In a criminal action the cause should be submitted to the jury and the court should not direct a verdict of acquittal if there is any substantial evidence reasonably tending to support the charge. State v. Johnson, 196 N.W.2d 563, 566 (Iowa 1972).

This court has repeatedly held on defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict, the evidence is viewed in the light most favorable to the State and we accept as established all reasonable inferences tending to support the jury's action. It is necessary to consider only the supporting evidence whether contradicted or not. State v. Brown, 172 N.W.2d 152, 153 (Iowa 1969); State v. Beer, 193 N.W.2d 530, 531 (Iowa 1972). It is the task of the fact finder to resolve questions of fact and assess the credibility of witnesses. And a finding of guilt is binding on the appellate court unless without substantial support in the record. State v. Gilroy, 199 N.W.2d 63, 66 (Iowa 1972). Furthermore, either direct or circumstantial evidence may be sufficient to warrant a verdict of guilty. However, where circumstantial evidence

alone is relied on as to an essential element the circumstances must be entirely consistent with defendant's guilt, wholly inconsistent with any rational hypothesis of his innocence, and so convincing as to exclude any reasonable doubt that defendant was guilty of the offense charged. Like direct evidence it must raise a fair inference of guilt, generate something more than suspicion, speculation or conjecture. *Id.* at 67.

II. In his first assignment attacking the court's adverse ruling on his motion for directed verdict, defendant contends testimony of the State's witnesses was insufficient to prove the essential elements of the crime charged beyond a reasonable doubt; more specifically, the State failed to prove actual penetration. Further, he argues the only testimony adduced by the State that would tend to sustain the charge of sodomy was inadmissible hearsay.

The same arguments are advanced in support of his second assignment claiming the trial court erroneously overruled his motion for new trial.

The victim of the alleged crime, six-year-old Roy Caskey, was not a witness at the trial. Rather, the State confined its case to the testimony of defendant's wife, Joan Schurman, who is the boy's mother, and defendant's brother-in-law, Oakley Gail Caskey, Jr.

Oakley Caskey, Jr., testified that at approximately 12:30 p. m. Friday, March 19, 1971, he went to the Schurman residence to take Roy Caskey to his grandparents' home, as requested by his sister. As Caskey approached the house he heard Roy crying. Upon entering the front door he observed defendant leaving the bedroom and noticed defendant's pants were unzipped. He then approached the bedroom, where he discovered Roy putting his pants on. Defendant then returned to the bedroom with other clothes for the boy to wear. After Roy changed his clothes, Caskey drove the boy to his grandparents' home. While at the home, Caskey stated that Roy told him defendant had, in effect,

committed or attempted to commit the crime of sodomy.

Joan Schurman testified that she was unaware of the incident until she talked with her son at about 6:00 p. m. that evening. Roy then related to her the alleged event that occurred in the bedroom of their home earlier that afternoon. She then examined the boy and found his rectum to be red and bruised. Mrs. Schurman also stated: "David finally admitted to me that he had done this. I asked him what brought it onto him to try such a thing with my little boy, and he said he didn't know, he said he just guessed he felt like it and I wasn't home."

In their testimony both Caskey and Mrs. Schurman recounted the description given them by Roy of defendant's behavior toward him on this occasion.

Defendant denied commission of the alleged act. He testified that as he and Roy descended some cement steps while walking home from the boy's school both slipped and fell. Roy began crying and when they arrived at the house defendant had the boy remove his pants in order that defendant might determine whether he was injured. Shortly thereafter defendant's brother-in-law arrived, followed by his father-in-law, Oakley Caskey, Sr. After Roy changed his clothes, he left the Schurman house with his grandfather, Oakley Caskey, Sr.

Defendant had denied on direct examination admitting commission of the crime to his wife.

The following is a portion of the record of his cross-examination:

"Q. But was Monday when you had your discussion? What's when she accused you of unnatural sex acts with this boy, is that right? A. Yes.

"Q. And she asked you why you did it? A. And I was kind of mad right then. She asked me for a divorce, 'n stuff. I had my temper up right then.

"Q. So you could have said 'well, I don't know. You weren't here'? A. Yeh, 'n things."

The findings of Dr. Beckman, the physician who examined Roy March 24 were inconclusive, primarily because the examination was performed five days after the alleged incident.

No one was an eyewitness to the alleged act of sodomy for which defendant was convicted.

III. We consider first defendant's contention that since the evidence adduced by the State through testimony of Oakley Caskey, Jr., and Mrs. Schurman was hearsay, it was insufficient to generate a jury question as to defendant's guilt of either offense or to sustain the jury's verdict.

A review of the record discloses defendant failed to make any objections to the prosecutor's questions phrased to elicit testimony from Mr. Caskey and Mrs. Schurman concerning conversations had with the alleged victim, Roy Caskey. Nor did defendant move to strike or exclude their answers to such questions. The only time during the course of trial other than in motions to direct that defendant raised the question of hearsay was when Dorothy Caskey, Roy's grandmother, was offered as a State's witness in rebuttal. The court on this occasion did not permit the testimony of the boy's conversation with the grandmother on the ground it was not proper rebuttal.

■ Relevant evidence admitted without proper objection, and not excluded upon a motion to strike, has the same effect as though it were admissible, even though it might have been excluded under the rules of evidence.

The following principle of law pertinent here is stated in McCormick on Evidence, (Second Ed.) section 54 in this fashion:

" * * * [A] failure to make a sufficient objection to evidence which is incom-

petent waives any ground of complaint as to the admission of the evidence. But it has another effect, equally important. If the evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof to the extent of the rational persuasive power it may have. The fact that it was inadmissible does not prevent its use as proof so far as it has probative value. The incompetent evidence, unobjected to, may be relied on in argument, and alone or in part may support a verdict or finding. This principle is almost universally accepted, and it applies to any ground of incompetency under the exclusionary rules."

The following decisions of this court support the foregoing principle in whole or in part: DeLong v. Highway Commission, 229 Iowa 700, 711–712, 295 N.W. 91, 97; Walker v. City of Clinton, 244 Iowa 1099, 1111, 59 N.W.2d 785, 791; Lamp v. Lamp, 245 Iowa 52, 59, 60 N.W.2d 844, 849; Sallee v. Routson, 247 Iowa 1220, 1222–1223, 78 N.W.2d 516, 517–518; Punelli v. Punelli, 260 Iowa 549, 555, 149 N.W.2d 784, 788.

■ Therefore, the testimony of Mr. Caskey and Mrs. Schurman remains in the record and will support an issue and must be considered by this court in passing on a motion for directed verdict or new trial. 29 Am.Jur.2d, Evidence, section 494, pages 552–553; 30 Am.Jur.2d, Evidence, section 1103, pages 268–269.

Insofar as defendant's assignments of error are predicated on the contention stated supra in this division, they are without merit.

IV. There remains the question whether there is sufficient evidence to establish penetration giving the hearsay testimony admitted without objection full probative value.

■ In a prosecution for sodomy the State must prove penetration, but it may be proved by circumstantial as well as by direct evidence. State v. Gage, 139 Iowa 401, 404, 116 N.W. 596, 597.

Our review of the record and transcript of the evidence taken at trial leads us to conclude there was sufficient circumstantial evidence to submit the question of penetration to the jury. Defendant made no objection to the court's instructions bearing on this issue. The jury by its verdict had to find actual penetration. Defendant's assignment in this respect is without merit.

The case is therefore—affirmed.

Affirmed.