STATE of Iowa, Appellee,

v.

Dwane AMPEY, Appellant.

No. 55831.

Supreme Court of Iowa.

Sept. 19, 1973.

William J. Matias, Cedar Rapids, and Thomas M. Kelly, Jr., Davenport, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

LeGRAND, Justice.

Following his conviction of having possession of a controlled substance with intent to deliver the same, defendant was sentenced to serve a term of not more than 10 years in the penitentiary as provided in what is now section 204.401(1), The Code (1973). He appeals from that judgment, and we affirm the trial court.

The various assignments of error raise the following issues:

1. There is insufficient evidence to sustain the verdict;

2. The trial court committed reversible error in admitting hearsay testimony; and

3. The prejudicial opening statement of the county attorney entitles defendant to a new trial.

■ I. In considering sufficiency of the evidence to sustain the verdict, we give the state's case the most favorable interpretation it will bear, including all inferences and presumptions which reasonably flow from the evidence in the record. State v. Schurman, 205 N.W.2d 732, 733 (Iowa 1973); State v. Buttolph, 204 N.W. 2d 824, 826 (Iowa 1972); and State v. Tokatlian, 203 N.W.2d 116, 119 (Iowa 1972).

In the instant case, defendant's chief complaint concerns the circumstances under which he is alleged to have delivered the drug to one Thomas Meade, with whom an undercover agent of the Cedar Rapids Police Department was working.

The officer, Clifford Friederich, had established a contact for the purchase of narcotics in the Cedar Rapids area through Meade. On the evening in question, the two went to the Cougar Lounge, which defendant owned and where he was then tending bar. They engaged defendant in a conversation during which Meade stated that Friederich wanted to buy some "junk." Defendant answered "okay" and immediately left the bar, returning in a few minutes. As he came back to the bar, Ampey put his hand in Meade's left back pocket. Friederich testified without objection that Meade then said to him, "It's in my back pocket." Friederich paid defendant $40.00, which defendant put in his pocket.

Friederich and Meade went to the restroom where Meade reached in his left rear pocket, pulled out a package wrapped in tin foil, and delivered it to Friederich. This substance was later tested and shown to be heroin.

Other evidence discloses that at the time in question, two officers of the Cedar Rapids Police Department had set up surveillance outside the Cougar Lounge. They saw Friederich and Meade enter the place. Shortly thereafter, they observed defendant come out, go upstairs to his living quarters above the bar, where he remained for approximately 30 seconds. He came down and re-entered the tavern. Almost immediately an unidentified person who had come out with defendant and taken up his station across the street, apparently as a lookout, also re-entered the tavern.

■ It is true much of the evidence is circumstantial, but circumstantial evidence is sufficient to sustain a conviction as long as it is entirely consistent with defendant's guilt, wholly inconsistent with any rational hypothesis of innocence, and excludes any reasonable doubt that defendant is guilty of the offense charged. State v. Schurman, 205 N.W.2d 732, 733, 734 (Iowa 1973); State v. Streit, 205 N.W.2d 742, 743 (Iowa 1973); State v. Gilroy, 199 N. W.2d 63, 67 (Iowa 1972).

■ Giving the evidence its most favorable construction for the State, we believe

the jury could find that Friederich offered to buy a controlled substance from defendant; that defendant agreed to furnish it; that he thereafter immediately left the tavern, went upstairs to his living quarters and returned with the contraband; that he placed a package containing heroin in Meade's pocket; that Friederich paid him $40.00, a prearranged price for the substance; that Meade then delivered the package to Friederich in the tavern washroom; and that it later tested out as heroin. Virtually all of this evidence went in without objection.

We hold the case was properly submitted to the jury.

II. Defendant next asserts the trial court erred in allowing prejudicial hearsay testimony over proper objection. His complaint concerns two separate portions of Officer Friederich's testimony.

■ The first objection arises over the conversation in the Cougar Lounge already referred to. It was participated in by defendant, Meade, and Friederich. It was there that Friederich—through Meade—made an offer to buy "junk" and defendant indicated his willingness to sell. This conversation followed immediately by conduct showing acquiescence with what was said clearly qualifies as an admission and is admissible on that ground as well as several others to which we need not refer. 22A C.J.S. Criminal Law § 730, page 1024 (1961); 29 Am.Jur.2d, Evidence, page 665 (1967); State v. Olson, 260 Iowa 311, 318, 149 N.W.2d 132, 136 (1967); State v. Schmidt, 259 Iowa 972, 977, 978, 145 N.W.2d 631, 635 (1966). See also 2 Underhill's Criminal Evidence, (5th Ed., Herrick, 1956) Section 381, page 950.

III. The next hearsay question concerns testimony about a conversation between Friederich and defendant in which defendant allegedly admitted having some Mexican heroin for sale. This was originally brought out on cross-examination.

■ When the State pursued the matter on redirect, an objection was made on the ground it was "immaterial, incompetent, and has no probative value." The objection was overruled and the point is not argued here. Part of Friederich's redirect testimony related what Meade had told him about the Mexican heroin. No objection was made until the answer was in and then there was a motion to strike that part of the answer dealing with Meade's statements to the witness. This motion was granted, and the jury was promptly admonished to disregard "anything Mr. Meade said which has just been related by the witness."

We believe this cured any possible error here. We hold there is no merit to defendant's objections regarding the trial court's rulings on evidence.

IV. The remaining assignment of error alleges prejudicial misconduct of the assistant county attorney in his opening statement to the jury. When objection was first made, the trial court reminded counsel the statement was not being reported. The trial court also ruled there had been no improper argument to that point.

The remainder of the opening statement is shown in the transcript of evidence. Twice objections were interposed and each time the trial court admonished the assistant county attorney to limit himself to what he expected his witnesses to testify to.

We have reviewed that portion of the opening statement available to us. We find nothing to justify our interference with the manner in which the trial court handled the matter.

■ We doubt the argument was improper in the first place. However, assuming it was, it certainly was not prejudicial or inflammatory. The trial court's rulings when objections were made were clearly adequate to protect defendant under these circumstances. The trial court has broad

discretion in such matters. We have no hesitancy in saying there was no abuse of that discretion here. State v. Christenson, 193 Iowa 56, 60, 186 N.W. 462, 464 (1922); State v. Kendall, 200 Iowa 483, 486, 203 N.W. 806, 807 (1925).

V. Finding no reversible error in the assignments raised, we affirm the judgment.

Affirmed.