Edith ANDERSON, Appellant,

v.

CITY OF FORT DODGE, Iowa, a municipal Corporation, Appellee.

No. 55733.

Supreme Court of Iowa.

Dec. 19, 1973.

Gerald L. Shaffer, Fort Dodge, for appellant.

Donald N. Kersten, Fort Dodge, for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

MOORE, Chief Justice.

On trial to the court plaintiff's petition for damages resulting from a fall on an alleged icy sidewalk of defendant-city was dismissed. Plaintiff's appeal presents evidentiary problems.

During January 3 and 4, 1971 about 10 inches of snow fell in defendant-City of Fort Dodge. During the next several days there was additional snowfall. The city engaged in snow removal during this period. There was a slight snow on January 13. About noon of the latter date plaintiff parked her car in downtown Fort Dodge, intending to make a purchase at Gadbury Plumbing Shop. As she was about to put a coin in the parking meter, she slipped and fell on the sidewalk. She suffered multiple fractures of her left foot and ankle.

There is no dispute between the parties as to a city's duty. The city has a duty under Code section 389.12 to exercise reasonable care to keep its sidewalks in a reasonably safe condition. Mere slipperiness caused by ice or snow remaining in its natural condition is not ordinarily a defect in a sidewalk for which a municipality may be held liable. However, if the municipality has permitted snow or ice to remain on a sidewalk until it becomes so rigid, rough and uneven that it is dangerous for a pedestrian to walk on exercising ordinary care, liability may be imposed, provided the municipality has actual or constructive notice of the condition of the walk and has had a reasonable opportunity to remedy such condition. The length of time sufficient to constitute constructive notice of the condition and a reasonable opportunity to remedy it depends on the facts and circumstances of each case and is generally a question for the trier of facts. Hovden v. City of Decorah, 261 Iowa 624, 626, 627, 155 N.W.2d 534, 536 and citations.

I. Plaintiff's first assigned error asserts the court erred in refusing to allow her to testify how long the ice had been allowed to accumulate.

Plaintiff testified in detail regarding her observations of the sidewalk surface where she fell. Her testimony as abstracted in the record includes:

"It was icy and there was snow along there. It had been there over a period of time. The snow plow had been through there after the recent snows we had previous to this in the earlier part of the month. The plows had gone by and cleared the street but portions of it had been plowed up on the sidewalk. * * * There was accumulation of ice there and it was quite rough where people had walked. There wasn't much of a choice, you either had to go across, there was a long, long distance there that was rough and deep where people had walked in it, deep impressions that had been long a length of time. I have lived in Iowa all my life and have had occasion to observe ice and snow in my experience that has stood or been there for some time in the area."

Plaintiff's counsel then asked: "First of all, from your experience, can you tell by observation if it is old ice or if it is new?" Defense counsel objected "for the reasons the witness is incompetent; no proper foundation; the question is too

general and remote." The trial court sustained the objection.

We believe the trial court's ruling was erroneous. The question did not really call for an opinion. At most it asked for a conclusion drawn from facts of common observation. Such testimony has been described as a "short hand" rendering of facts. As such it is admissible. Hamdorf v. Corrie, 251 Iowa 896, 906, 101 N.W.2d 836, 842; Waterloo Sav. Bk. v. Waterloo, C. F. & N. R. R., 244 Iowa 1364, 1374, 60 N.W.2d 572, 578, and citations. But for other matters in the record, considered infra, this erroneous ruling would not constitute reversible error such as to require a new trial.

II. Plaintiff's evidence as abstracted includes also:

"The color of the ice was dark and it wasn't too clean. It had been there. The height and depth of the ice I would roughly say that it would have to be at least two or three inches or possibly more. It was hard ice. People had crossed there, and the melting of snow, and people walking in it or footprints and that caused impressions. There was, in fact, ice over ice."

Following this testimony plaintiff on direct examination was asked, "Well, did you observe anything else about it that helped you determine how long the ice had been there?" She answered, "The only way that it was quite thick, that it wouldn't accumulate over just a day or so, that it had been—had to be over a period of a week or so." Defense counsel objected, "for the reason there is no foundation, the witness is not competent." The court sustained the objection. The correctness of that ruling need not be considered as no motion was made to strike the answer.

■ We have repeatedly held that where a question is answered before the objection was sustained in the absence of a stated reason for delay and a motion to strike the answer it remains in the record

and is to be considered. State ex rel. Fulton v. Scheetz, Iowa, 166 N.W.2d 874, 882, 34 A.L.R.3d 617; Crane v. Cedar Rapids and Iowa City Railway Co., Iowa, 160 N.W.2d 838, 846; Correll v. Goodfellow, 255 Iowa 1237, 1247, 125 N.W.2d 745, 751 and citations.

■ Based on a finding of entire lack of evidence of constructive notice to the city, the trial court found against plaintiff and dismissed her petitions.

The trial court's findings and conclusions include:

"Assuming, without deciding, that plaintiff fell on rough or uneven ice and that such condition was dangerous where is the evidence in the case that the city, in the exercise of reasonable care knew or should have known about it and remedied it? There was some testimony that the ice and snow was dirty. A dirty condition can be due to many causes."

"No one came to court to testify that the rough ice and snow, if it were such, had been there for any appreciable period of time."

It is clear the trial court failed to consider the plaintiff's answer, supra, which had not been stricken. Reversible error thereby resulted. It should have been considered with all the evidence, some of which sharply disagreed with plaintiff's testimony and that of her witnesses.

■ III. Plaintiff next asserts and argues, "the trial court erred in not finding for the plaintiff in the amount of $15,000 for damages, the sum which the trial court found the plaintiff was entitled to if there was liability on the part of the defendant."

After finding lack of any evidence of constructive notice and stating it was not necessary to consider defendant's pleaded affirmative defenses, including contributory negligence, the trial court did find plaintiff had been damaged in the amount of $15,000. It does not follow plaintiff on

reversal is entitled to judgment for that amount.

The lower court judgment is reversed and this case is remanded for new trial.

Reversed and remanded for new trial.