**Carl R. DAVIS, Appellant,**

v.

**Martin E. HANSEN and Anna M. Hansen, Appellees.**

**No. 2–56413.**

Supreme Court of Iowa.

Dec. 18, 1974.

Whitfield, Musgrave, Selvy, Kelly & Eddy by Thomas S. Reavely, Des Moines and Kluever & Van Ginkel by James Van Ginkel, Atlantic, for appellant.

Johnson, Stuart, Tinley, Peters & Thorn by Jack W. Peters, Council Bluffs and John E. Budd, Atlantic, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and REYNOLDSON, JJ.

RAWLINGS, Justice.

Plaintiff, Carl R. Davis, brought action against defendants, Martin E. and Anna M. Hansen, to establish a disputed boundary between their adjoining city lots. Trial court held an existing retaining wall constituted the true boundary by mutual acquiescence of the parties hereto and their respective predecessors in interest. Plaintiff appeals. We reverse.

Davis owns lot 9, block 61, in Atlantic, located south of lot 10 presently owned by Hansens, the depth of both tracts being 140 feet.

Sometime in 1941 or early 1942 a concrete retaining wall about 72 feet long, seven inches wide and approximately two and one-half feet in height at its highest point was constructed on lot 9, the north edge of said wall being about one foot south of the true boundary.

October 6, 1972, the instant action was commenced after Martin E. Hansen twice removed stakes placed on the true boundary line by a Davis-engaged surveyor. By said action plaintiff sought to enjoin defendants from interfering with the true boundary markers or a proposed water flow corrective construction on or north of the wall.

October 24 defendants, by answer, alleged the north side of the retaining wall stood as the actual boundary by mutual acquiescence for ten or more years.

Relevant testimony will later be set forth as it relates to the issue to be resolved.

In support of a reversal Davis asserts trial court erred in holding the retaining wall marked the actual boundary by mutual acquiescence of the parties hereto and their predecessors in interest for the statutorily required period of time.

I. This case was tried to the court as an action at law.

Therefore, as stated in Frantz v. Knights of Columbus, 205 N.W.2d 705, 708 (Iowa 1973):

"[O]ur review is not de novo but only on errors assigned. Under this limited extent of review the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. *If supported by substantial evidence* and justified as a matter of law, the judgment will not be disturbed on appeal. Rule 344(f)(1), Rules of Civil Procedure. Stated in other words, in a law action tried to the court its findings of fact having adequate evidentiary support shall not be set aside unless induced by an erroneous view of law. It follows, the rule does not preclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision. We may also interfere when such findings are undisputed or no conflicting inferences may be drawn from them." (Emphasis supplied)

See also Farmers Insurance Group v. Merryweather, 214 N.W.2d 184, 186 (Iowa 1974); Thomas Truck & Cast. Co. v. Buffalo Cast. & Wh. Corp., 210 N.W.2d 532, 536 (Iowa 1973).

II. This court has been many times called upon to consider the claimed creation of a boundary line by mutual acquiescence of adjoining property owners or their predecessors in interest. See Ivener v. Cowan, 175 N.W.2d 121 (Iowa 1970); Brown v. McDaniel, 261 Iowa 730, 156 N.W.2d 349 (1968); Dart v. Thompson, 261 Iowa 237, 154 N.W.2d 82 (1967); Pruhs v. Stanlake, 253 Iowa 642, 113 N.W.2d 300 (1962); Mahrenholz v. Alff, 253 Iowa 446, 112 N.W.2d 847 (1962); Olson v. Clark, 252 Iowa 1133, 109 N.W.2d 441 (1961).

Noticeably the foregoing stemmed from Code § 650.6, which provides in relevant part:

"Either the plaintiff or defendant may, by proper plea, put in issue the fact that certain alleged boundaries or corners are the true ones, or that such have been recognized and acquiesced in by the parties or their grantors for a period of ten consecutive years, * * *."

No useful purpose will be served by here again setting forth all the guiding principles enunciated in the above cited cases. As related to the cause now before us they do disclose a boundary by acquiescence may be established where two or more adjoining owners or their predecessors in interest, for ten or more consecutive years, have mutually acquiesced in a line definitely marked by a fence or in some other manner, as a true boundary although a survey may show otherwise and neither party intended to claim more than called for by his or her deed. See e. g., Dart v. Thompson, 261 Iowa at 241, 154 N.W.2d 82; Mahrenholz v. Alff, 253 Iowa at 450, 112 N.W.2d 847.

It is also well settled the burden is upon the party claiming a boundary line, other than as disclosed by a surveyor, to establish requisite *mutual acquiescence* by clear proof. See e. g., Brown v. McDaniel, 261 Iowa at 733, 156 N.W.2d 349; Iowa R.Civ.P. 344(f)(5).

And such acquiescence must, in large part, be determined in light of the factual situation presented. See Mahrenholz v. Alff, 253 Iowa at 451, 112 N.W.2d 847.

III. Mindful of the foregoing we look now to the record.

In brief this is the succession of ownership as to the two tracts here involved:

Lot 9—Until 1941 owned by Beatrice Rasmussen; purchased that year by Roy and Jean Fraizer; in 1967 acquired by plaintiff Davis.

Lot 10—Until 1943 owned by Beatrice Rasmussen; purchased that year by Anna Martens; in 1958 acquired by Tilly Leander; and on her death inherited by Bob Leander and Lois Scarlett; in 1964 bought by defendants Hansens.

Lois Scarlett, one of defendants' immediate lot 10 predecessors in interest, while testifying thus answered these questions asked of her:

"Q. During the time your mother [Tillie Leander] lived there, did you consider the wall the boundary line between these two properties [lots 9 and 10]? A. No.

"Q. About where was the boundary line with reference to that concrete wall? A. I would say about the width of a lawnmower.

"Q. Well, could you give us [a] specific distance? * * *. A. * * *. I'd say probably about two feet.

"Q. Would you state whether or not your mother considered the wall as a boundary line? A. No."

After the last above answer was given defense counsel voiced an objection which was sustained. But absent a motion to strike the objectionable response it remains in the record and is accordingly considered. See Anderson v. City of Fort Dodge, 213 N.W.2d 527, 529 (Iowa 1973).

Additionally, Mrs. Fraizer, one of plaintiff's lot 9 immediate predecessors in interest, while testifying opined the boundary between lots 9 and 10 was located about two feet north of the retaining wall.

Furthermore, our review of the record discloses any evidence contrary to the foregoing is relatively nonpersuasive.

█ Assuming, arguendo, plaintiff and defendants recognized the retaining wall as a boundary line, it still remains their respective predecessors in interest did not do so. In other words, *mutual acquiescence* for ten or more consecutive years was not here established.

We therefore now hold the adjudication from which this appeal is taken is not supported by substantial evidence and justified as a matter of law.

This means trial court erred in holding the aforesaid retaining wall constituted the established boundary line between lot 9 owned by plaintiff Carl R. Davis and lot 10 owned by defendants Martin E. and Anna M. Hansen.

Reversed.