STATE of Iowa, Appellee,

v.

Andrew DAVIS, Appellant.

No. 57429.

Supreme Court of Iowa.

May 21, 1975.

John R. Sandre of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Defendant appeals his conviction of breaking and entering in violation of § 708.-8, The Code. The two assignments of error challenge the sufficiency of evidence and inquiry by the State concerning defendant's prior felony convictions. We affirm the trial court.

The charge grew out of a December 2, 1973 break-in of a grocery store in Des Moines. Police were summoned and found the front door glass had been broken. A security guard at a business located close to the grocery store was on the scene when the police arrived. The guard had heard about the break-in on his police "scanner" radio. The police learned the guard saw a "colored" man about 5 feet 10 "leaving the scene of the grocery" and proceeding north on 7th Street in a green Buick. Inside the store the police found several six packs of beer lying outside the cooler, as well as packs and cartons of cigarettes scattered behind the counter.

Officer Jerry Greenfield, another Des Moines policeman, testified that as he proceeded to the store he saw a black over green Buick backing up on 7th Street and into a driveway. He waited and followed the car when it began to move. When the car failed to come to a complete stop at 7th and Forrest he turned on his red lights and honked his horn but the car continued for two or three blocks before stopping. Another police car joined Greenfield.

Three men emerged from the car. One suddenly ran from the scene and was pursued and captured by Officer Greenfield. While he was giving chase another of the men ran and escaped. The third man was defendant who remained at the scene in the custody of the other police officer.

Inside the car the police found popcorn (apparently the prepopped kind sold as snack food) along with beer and some cigarettes and a hammer. A witness testified the hammer had broken glass fragments on it. Everything except the hammer was an item sold at the grocery store. The beer, cigarettes, and popcorn, found in the car, were all marked as State's exhibits. Because of a break in the chain of possession of those exhibits the trial court did not permit them to be received in evidence. That ruling is unchallenged in this appeal. However witnesses did testify in detail concerning the items and the fact they were identical to those which had been taken from the store during the break-in. The beer found in the car was of the same brand and had the same numbers, 1, 18, 4, and 3 as were stamped on the bottom of cans of the same brand left in the store.

Defendant elected to testify in his own behalf at trial. He stated he was driving home on the evening of December 2, 1973 and near the store two men flagged him down for a ride. Defendant testified he was unable to stop immediately because of traffic so he drove around the block and picked them up. The men wanted to go north and, since the car was then facing south on 7th, defendant said he just backed around the corner and headed north. Shortly thereafter Davis said he noticed a patrol car was attempting to stop him. He said he continued until he could find a well-lit place. He denied he knew the two men or how the beer, cigarettes, and popcorn got in the car. Defendant's cross-examination concerning prior felonies can be more appropriately described in connection with discussion of that assignment of error.

I. In State v. Dahlstrom, 224 N.W.2d 443, 447–448 (Iowa 1974) we said:

"In a criminal action the cause should be submitted to the jury and the court should not direct a verdict of acquittal if there is any substantial evidence reasonably tending to support the charge. State v. Youngbear, 203 N.W.2d 274, 279 (Iowa 1972); State v. Clay, 213 N.W.2d 473, 481 (Iowa 1973); State v. Gray, 216 N.W.2d 306, 308 (Iowa 1974).

"To sustain the overruling of a motion for directed verdict, 'any evidence, circumstantial or direct, must be sufficient to raise a fair inference of guilt.' There must be more than 'a suspicion, speculation, or conjecture. * * *' State v. Williams, 179 N.W.2d 756, 758 (Iowa 1970).

"In making a determination as to the propriety of the court's ruling on a motion for directed verdict in a criminal case this court views the evidence in the light most favorable to the state regardless of whether it is contradicted and every legitimate inference that may be fairly and reasonably deducted therefrom must be carried to the aid of the evidence. Kirschbaum v. United States, 407 F.2d 562, 563 (8 Cir. 1969).

" * * *

" * * * And a finding of guilt is binding on this court unless without substantial support in the record or is clearly against the weight thereof. State v. Still, 208 N.W.2d 887, 888 (Iowa 1973). * * *."

In State v. Staker, 220 N.W.2d 613, 617–618 (Iowa 1974) we said:

"On defendant's appeal from criminal conviction based on a jury verdict challenging the sufficiency of evidence to sustain the verdict this court views the evidence in the light most favorable to the state, including all inferences and presumptions which reasonably flow from the evidence in the record. State v. Ampey, 210 N.W.2d 433, 434 (Iowa 1973). The trial court should submit the cause to the jury and not direct a verdict if there is any substantial evidence reasonably tending to support the charge. State v. Pardock, 215 N.W.2d 344, 346 (Iowa 1974)."

And in State v. Ampey, 210 N.W.2d 433, 434 we said:

"It is true much of the evidence is circumstantial, but circumstantial evidence is sufficient to sustain a conviction as long as it is entirely consistent with defendant's guilt, wholly inconsistent with any rational hypothesis of innocence, and excludes any reasonable doubt that defendant is guilty of the offense charged. State v. Schurman, 205 N.W.2d 732, 733, 734 (Iowa 1973); State v. Streit, 205 N.W.2d 742, 743 (Iowa 1973); State v. Gilroy, 199 N.W.2d 63, 67 (Iowa 1972)."

■ Defendant expressly concedes there is sufficient evidence to show the grocery store was broken into on December 2, 1973. He limits his challenge of sufficiency to the State's showing identifying him as involved in that break-in. Under the foregoing principles we believe there was a jury question on defendant's identity.

■ The fact the exhibits themselves were not admitted into evidence does not alter the fact the items themselves were found in the car and were similar or identical to those taken from the store. If the exhibits had in fact been admitted, so as to be available to the jury for their inspection, their function would have been to explain or bolster the testimony of witnesses.

■ " * * * Properly identified articles found at the scene of the crime which tend to show its commission or the manner thereof, or explain some related matter in issue, are admissible in evidence for jury inspection. (Authority)." State v. LaMar, 260 Iowa 957, 962, 151 N.W.2d 496, 499. But this does not imply, as defendant suggests, the reception of such items found at the scene, or near the scene, or in a getaway vehicle in possession of an accused, is essential to show his guilt. Testimony concerning them, independent of the actual items or goods, is sufficient.

■ Neither is it fatal to the State's case that the goods were not positively identified as the actual ones taken from the store. Witnesses testified they were the same or bore the same stamp number as similar goods left in the store. It is well settled " * * * [t]he possession of goods of the *same kind* as the general class of goods from which the taking was done is receivable, even though the specific quantity or any quantity of the general mass cannot be identified or discovered or shown to be

missing. * * *." (Emphasis in original). I Wigmore on Evidence (Third Ed.), § 152, page 598, 599. Defendant's first assignment is without merit.

II. On direct examination defendant said he had been convicted of more than one felony. On cross-examination the State asked defendant how many felonies he had been convicted of. He replied, "Two." Defendant's counsel objected and heated debate ensued. During this discussion outside the jury's presence defendant made the following objections:

1. "Your Honor, highly prejudicial of this defendant. It's beyond the scope of cross-examination."

2. "He testified on direct that he had been convicted [more than once] * * *. They are irrelevant and immaterial. There was nothing evasive about the statement he made."

3. "We feel that the State * * * in going into any further details of record of the felony convictions * * * is highly prejudicial * * * and is beyond the scope of direct examination and irrelevant and immaterial * * *. No probative value whatsoever."

The trial court overruled these objections. Defendant again was asked how many felony convictions he had and this time he replied, "Four."

Relying on State v. Martin, 217 N.W.2d 536, 542 (Iowa 1974) defendant insists inquiry into prior felony convictions was improper. But defendant made no record as to what the felonies were or when they occurred. Recently, in State v. Fields, 223 N.W.2d 197, 198 (Iowa 1974), we were faced with a similar situation. We held error was not preserved:

"No motion in limine was filed in the instant case. No other record was made or offered showing what crimes were involved in defendant's prior convictions. We have no way of determining whether they did or did not involve offenses which related to truth and veracity.

"In order to preserve error it was incumbent upon defendant, by motion in limine, or by some timely record, to show the nature of the prior felonies. Such a showing is necessary in order for the trial court to make the finding (the danger of unfair prejudice does not outweigh probative value) required of it in State v. Martin, supra, and in order for us to review such holding on appeal. In the absence of some showing as to the nature of the prior felonies a trial court is powerless to make its determination and we are powerless to review it. No error was preserved."

This defendant is in the identical position. No error was preserved as to his second assignment.

Affirmed.