**STATE of Iowa, Appellee,**

v.

**Kenneth GRAY, Appellant.**

No. 57676.

Supreme Court of Iowa.

March 17, 1976.

Michael G. Shepherd, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Frank Sarcone, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and HARRIS, JJ.

HARRIS, Justice.

This appeal is from a conviction of shoplifting property valued at over $20 in violation of § 709.20, The Code. The assignments of error challenge the admissibility of evidence. We affirm the trial court.

On February 2, 1974 a customer in a Des Moines store noticed a man later identified as Kenneth Gray (defendant) walking down a store aisle. The customer, who regularly shops at the store, noted a black and silver radio under defendant's arm. The customer's suspicions were aroused because the radio was not boxed in accordance with what she thought to be store practice. It appeared defendant was looking to see if anyone was watching him as he walked out of the door. The customer noted defendant did not stop to pay for the radio. The customer's husband, a former store detective, made substantially the same observations.

The store owner testified two customers told him a man had walked out with a radio. A description of the radio prompted the owner and his store manager (Bob) to determine the only "Electro K 38" radio which had been set out earlier that day was missing. The box for the radio, which it would have been packed in if sold, was still in the display area.

For some reason defendant returned to the store whereupon the owner confronted him and asked about the radio. Defendant denied taking it. Police, who had been summoned by other store personnel, arrived at this time. The owner informed them of his belief the radio was in a car parked adjacent to the store in which defendant had been observed.

A police officer went to the car and asked for the radio. A woman in the car reached under papers placed under the driver's seat and picked up a radio which she handed to the officer. The officer testified State's Exhibit 1 was the radio handed him by the woman. The officer identified the woman who

had given him the radio as defendant's wife. The car belonged to defendant's brother. The customer testified Exhibit 1 was just like the radio she had seen being carried by Gray under his arm. The store owner identified Exhibit 1 as a K 38, the same model as was missing from his store. He valued the radio at $88. He noted that items such as this radio are not checked out by cashiers but would be sold only by Bob or by himself.

■ I. No witness testified with certainty that State's Exhibit 1 was the same radio missing from the store. It was explained the radio had no exterior serial number or identifying mark. However the customer testified State's Exhibit 1 was just like the radio defendant was carrying in the store. In addition the owner testified the missing radio and State's Exhibit 1 were the same model.

Defendant objected that "there is no identification whatsoever to mark that radio as the one that actually did leave the store." Reception of State's Exhibit 1 into evidence is defendant's first assignment of error. We rejected the contention in *State v. Davis,* 229 N.W.2d 249, 251–252 (Iowa 1975). We said:

"'* * * Properly identified articles found at the scene of the crime which tend to show its commission or the manner thereof, or explain some related matter in issue, are admissible in evidence for jury inspection. (Authority).' *State v. LaMar,* 260 Iowa 957, 962, 151 N.W.2d 496, 499. * * *.

"[It is not] fatal to the State's case that the goods were not positively identified as the actual ones taken from the store. * *. It is well settled ' * * * [t]he possession of goods of the *same kind* as the general class of goods from which the taking was done is receivable, even though the specific quantity or any quantity of the general mass cannot be identified or discovered or shown to be missing. * * *.' (Emphasis in original). I Wigmore on Evidence (Third Ed.), § 152, page 598, 599. * * *."

Defendant's first assignment is without merit.

■ II. Defendant's second assignment is addressed to what he claims was hearsay testimony elicited during his cross-examination of a State witness. The cross-examination included the following:

"Q. And do you know of your own personal knowledge whether or not Mr. Gray [defendant] or whoever took that radio paid for it? A. Definitely. I made certain of that before I even approached him.

[The foregoing question and answer will be later referred to as the initial question and answer.]

"Q. Is that because of what [the first customer] told you? A. Pardon me?

"Q. Is that what [the first customer] told you? A. Well, when I determined— when Bob and I determined that the police radio; we thought it was the police radio, was missing, then I proceeded to ask the two girls if they—

"Q. Wait. We don't want to hear what they said. A. No. I proceeded to ask them if they had checked out. Of course, they don't do that. Bob and I write all the sales.

"Q. Could a person buy that through the checkout counter? A. Oh, yeah, if Bob and I sold it to him. The girls check out. They don't check out stuff like this.

"Q. They just check out groceries? A. Yes.

"Q. Bob could have sold that? A. He could have, right.

"Q. Other than what Bob told you, do you know of your own personal knowledge whether he did in fact sell it? Did you see him sell it? A. No. Bob didn't sell it, no.

"Q. Is that what he told you? A. Oh, of course.

"MR. SHEPHERD [defendant's counsel]: Your Honor, I would ask to strike that last answer on the objection it is hearsay and

non-responsive. I didn't have a chance to enter an objection.

"THE COURT: Which part?

"MR. SHEPHERD: That Bob did not sell that radio.

"THE COURT: Just a minute. Read that interrogation back, please. [The preceding two questions and their answers were at this time read.]

"MR. SHEPHERD: Your Honor, I object to that as being hearsay as to what Bob told him.

"THE COURT: You asked for it.

"MR. SHEPHERD: I asked for other than what Bob told and that is not responsive to what I asked him.

"THE COURT: Overruled."

Defendant contends the witness's testimony was hearsay and its admission was erroneous and must be presumed prejudicial because the contrary was not affirmatively established. He relies on *State v. Branch*, 222 N.W.2d 423 (Iowa 1974) and *State v. Mattingly*, 220 N.W.2d 865 (Iowa 1974).

We think the objection was properly overruled. We first must consider whether the testimony was hearsay. Hearsay is to be distinguished from the rule requiring firsthand knowledge on the part of a witness.

"There is a rule, more ancient than the hearsay rule, and having some kinship in policy, which is to be distinguished from it. This is the rule that a witness is qualified to testify to a fact susceptible of observation, only if it appears that he had a reasonable opportunity to observe the fact. Thus, if a witness testifies that on a certain day the westbound train came in to the station at X on time, and from his other evidence it appears that he was not in X at the time in question, and hence could only have spoken from conjecture or report of other persons, the proper objection is not hearsay but want of personal knowledge. Conversely, if the witness testifies that his brother *told* him that he came in on the train and it arrived on time, the objection for want of knowledge of when the train arrived is inappropriate, because the witness purports to speak from his own knowledge only of what his brother said, and as to this he presumably had knowledge. If the testimony in this latter case was offered to show the time of the train's arrival, the appropriate objection is hearsay. The distinction is one of the form of the testimony, whether the witness purports to give the facts directly upon his own credit (though it may appear later that he was speaking only on the faith of reports from others) or whether he purports to give an account of what another has told him and this is offered to evidence the truth of the other's report. However, when it appears, either from the phrasing of his testimony or from other sources, that the witness is testifying on the basis of reports from others, though he does not in terms testify to their statements, the distinction loses much of its significance, and courts may simply apply the label 'hearsay.'" (Emphasis in original.) McCormick on Evidence (Second Ed.1972), § 247, pp. 586–587. See also 97 C.J.S., Witnesses, § 52, pp. 439–441.

Our own cases seem to adopt the view contemplated in the last sentence just quoted. *Insurance Co. of No. Amer. v. Sperry & Hutchison Co.*, 168 N.W.2d 753, 756–757 (Iowa 1969); *Terrell v. Wicht*, 167 Iowa 642, 647, 149 N.W. 843, 844 (1914). Accordingly defendant's claim, though not actually hearsay, was sufficiently objected to on that basis.

But then defendant is faced with another difficulty. It must be remembered the initial question and answer were received without objection:

"Q. And do you know of your own personal knowledge whether Mr. Gray [defendant] or whoever took that radio paid for it? A. Definitely. I made certain of that before I even approached him."

No motion was made to strike the initial question and answer. Defendant might argue he moved to strike a later answer,

though he was somewhat inaccurate in referring to it as "that last answer." But the initial question and answer remained in the record without objection and without a motion to strike.

" * * * [A]bsent a motion to strike the objectionable response it remains in the record and is accordingly considered. See *Anderson v. City of Fort Dodge*, 213 N.W.2d 527, 529 (Iowa 1973)." *Davis v. Hansen*, 224 N.W.2d 4, 6 (Iowa 1974). See *Carradus v. Lange*, 203 N.W.2d 565, 568 (Iowa 1973).

With the initial question and answer in the record there was no harm in admitting the evidence complained of. Admission of evidence is not prejudicial where substantially the same evidence is in the record without objection. *State v. Jurgenson*, 225 N.W.2d 310, 312 (Iowa 1975).

Defendant's second assignment is without merit.

III. It is unnecessary to separately consider a claim by defendant the trial court erred in overruling a motion for directed verdict. That claim is derived from defendant's claim under division II hereof which we have found to be without merit.

AFFIRMED.

All Justices concur except MASON, J., who concurs specially.

MASON, Justice (concurring specially).

I concur in the result only since I believe the principle of law stated in the last paragraph of division II of the opinion to the effect that "Admission of evidence is not prejudicial where substantially the same evidence is in the record without objection," is too broad when announced without qualification, limitations or explanations and does not serve as a proper guideline for the trial bench and bar in dealing with the admission and exclusion of evidence.