HECHT, Justice
(concurring specially).
This court has followed a “cautious, but very sound, jurisprudential approach” when applying the doctrine of constructive possession. State v. Thomas, 847 N.W.2d 438, 451 (Iowa 2014) (Hecht, J., dissenting). , As we explained in State v. Reeves:
[Wjhere the accused has not .been in exclusive possession of the premises but only in joint possession, knowledge of the presence of the substances on the premises and the ability to maintain- control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements or circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the substances on the premises.
209 N.W.2d 18, 23 (Iowa 1973) (emphasis added). In following our cautious approach to the doctrine, we have noted that “when two reasonable inferences can be drawn from a piece of evidence, ... such evidence only gives rise to a suspicion, and, without additional evidence, is insufficient to support guilt.” State v. Truesdell, 679 N.W.2d 611, 618-19 (Iowa 2004); accord State v. Schurman, 205 N.W.2d 732, 734 (Iowa 1973) (“[T]he circumstances must be entirely consistent with defendant’s guilt, [and] wholly inconsistent with any rational hypothesis of his, innocence.... ”), These limiting principles inform our role as “careful gatekeepers” whose responsibility it is to assure convictions are based on substantial evidence of proof beyond a reasonable doubt" rather than suspicion. Thomas, 847 N.W.2d at 458.
I- write separately to emphasize my conclusion that many of the facts the State cites in support of its contention that Reed constructively possessed the drugs seized from Buchanan’s house raise more than one reasonable inference and they are therefore speculative when examined individually. This conclusion is significant, in my view, because our cautious approach to the doctrine of constructive possession should not recognize a stack of speculative inferences piled one on top of another as substantial evidence that Reed constructively possessed the drugs beyond a reasonable doubt.- See id. at-451-62 (asserting “we have required more than inference piled upon inference amounting ultimately to mere speculation” in constructive possession cases involving multiple occupants or residents of a- dwelling). Put another way, I do not believe inferences based on speculation are transformed into substantial evidence when they are accumulated in a series with other speculative inferences.
*712 The record .clearly includes substantial evidence connecting Reed to the house in question. He was a frequent visitor there and sometimes stayed for several hours. He was observed entering the house without knocking, and he sometimes took out the trash. But as I noted in Thomas, “we have frequently maintained proof of access to a place where a substance is found cannot by itself support a finding of unlawful possession.” Id. at 448, Thus,, the substantial evidence of Reed’s access to the house does not support an inference that he was a regular user or joint occupant of the bedroom — let alone a person who exercised dominion and control of the cocaine found there. See State v. McDowell, 622 N.W.2d 305, 308 (Iowa 2001) (concluding evidence of a defendant’s frequent presence in a home .did not necessarily demonstrate dominion and control over all items found inside it).
My colleagues are willing to infer that the pair of large men’s pants on a pile of other garments, in the bedroom were Reed’s, and so was the cocaine found -um der them. The. record reveals that Reed weighed 210 pounds. I think the evidence connecting Reed — as opposed to the other men.frequenting the house — to the pants is speculative at best. I leave room for the possibility on this record that Ramon Brumfield (whose identification card was found in the same room), or.. Chad Wolf (the owner of the house seen entering the house on the. morning of the search), or any of the -other men -seen entering the house during the surveillance might also wear large pants. Furthermore, the pants concealing the cocaine were atop a pile of clothing that included- a woman’s garments. If we infer Buchanan’s bedroom was'jointly occupied by a man and a woman, the fact finder could only speculate that the man- — not the woman — had dominion and control over the cocaine found between the man’s pants and the woman’s clothing.
My colleagues also find significant a rental agreement from the Rent-a-Center addressed to Reed and Buchanan and found in the bedroom. I do not find the agreement probative of Reed’s dominion and control of the cocaine found in the bedroom because there is no evidence Reed signed or ratified the document and because it represented falsely that he was married to Buchanan.
My- colleagues conclude Reed made incriminating statements after his arrest establishing his dominion and control over the drugs. I do not understand Reed’s statements as an admission of his dominion and control over the drugs seized in the search of Buchanan’s house. I understand the.' statements instead as a vague intimation that Reed and Buchanan could “help” police and as an expression of Reed’s willingness to cooperate with law enforcement officers in furtherance of his desire to protect Buchanan — the mother of his child— from prosecution. Although I believe a fact finder could reasonably infer from Reed’s statements that he knew Buchanan’s house contained contraband, the statements standing alone were not in my view sufficient to support an inference that he exercised dominion and control over the contraband. See State v. Kern, 831 N.W.2d 149, 162 (Iowa 2013) (concluding that knowledge of a vast marijuana growing operation in a house did not prove the defendant who jointly possessed the property had dominion and control. over the marijuana); cf. State v. Atkinson, 620 N.W.2d 1, 5-6 (Iowa 2000) (concluding a passenger in a car did not exercise dominion and control over the driver’s fanny pack, which she knew contained drugs, even though an officer observed her making furtive movements in the vehicle near where the fanny pack was discovered).
*713 I also do not share my colleagues’ willingness to infer that a photograph found on Reed’s cell phone depicting a piece of furniture found in the bedroom is probative of Reed’s dominion and control of the cocaine seized from that room during the search. Although this photograph' might support an inference_ that Reed (or someone using his phone) might have had’ access to the room,' in my view it does not support a fair inference that Reed regularly used the room or that he exercised dominion and control over the cocaine found there at the time of the search. Furthermore, even if the State adduced substantial evidence that Reed had joint access to Buchanan’s bedroom, that fact surely would not be sufficient under our precedent to support a finding of his dominion and control over drugs found there: See State v. Bash, 670 N.W.2d 135, 139 (Iowa 2003) (“[T]he authority or right to maintain control includes something more than the fraw physical ability* to exercise control over the ... substance.”).
Although I find many of the inferences credited by my colleagues are speculative and therefore not substantial evidence of Reed’s dominion and control of the drugs, I nonetheless concur in the result here. I do so because I find inferences from Reed’s phone records, photographs found on his cell phone depicting what appears to be' white- powder on his face, and the significant amount of cash found on his person at the time of his arrest are minimally sufficient to constitute proof beyond a reasonable doubt that Reed exercised dominion and control over the cocaine seized during the search of the. house. A reasonable fact finder could find the. extraordinarily large volume of phone calls of brief duration made to and from the cell phone during a three-day period in close temporal proximity to the arrest was consistent with drug dealing by Reed. See United States v. Samuels, 611 F.3d 914, 918 (8th Cir.2010) (concluding a defendant’s “unusually high volume of calls ... suggested his involvement in the drug trade”). The photographs of Reed with white powder about his face can also, in my view, reasonably support an inference that he had dominion and control of the cocaine found in the search of the bedroom of the house from which he departed minutes before the arrest. And although we have concluded a defendant’s possession of $336 on his person was “too tenuous and speculative to support an inference of constructive possession” of an illegal substance seized in a search of his residence, State v. Webb, 648 N.W.2d 72, 80 (Iowa 2002), Reed had more than $500 on his person at the time of his arrest immediately after leaving Buchanan’s house where the cocaine was seized. These facts support fair inferences that are based on “more than suspicion, speculation, or conjecture,” see State v. Dewitt, 811 N.W.2d 460, 475 (Iowa 2012), and ai’e therefore minimally sufficient to sustain a finding of Reed’s dominion and control of the drugs. Accordingly, I concur in the result.
WIGGINS, J., joins this special concurrence.